## CARLETON, ASSIGNEE, vs. GLADWIN.

*Fourth District Court for San Francisco Co., Oct. T.,* 1857.

### ASSIGNEE—JUDGMENTS—INJUNCTION.

One district court (the 4th) will not entertain jurisdiction of an action in equity brought by the assignee of an insolvent debtor to restrain proceedings at law or set aside judgments in another district court (the 12th), where the proceedings and judgments attacked as well as the insolvent proceedings are all in the last named court. The action in such case should have been instituted in the 12th district court.

Such an action can not be transferred from this court to the other.

Action brought by the assignee of an insolvent firm praying for an injunction against the sheriff of the city and county of San Francisco and certain attaching creditors of the insolvents restraining the former from paying over to the latter, and them from receiving certain moneys in the hands of the said sheriff arising from the sale of property of the defendants by him seized and sold under attachments and executions issued in certain actions brought against the said insolvents by said creditors defendant, and that the money may be decreed to be paid over to the plaintiff as such assignee. The complaint alleges the due appointment of plaintiff by order of the Twelfth District Court, in which the insolvency proceedings were commenced, to the trust; that the claims of the said judgment creditors are pretended and fraudulent, created for the purpose of hindering, delaying and defrauding the other creditors of the insolvents,—that these have assigned to plaintiff all their property, that it does not amount to more than $2,000, that their *bona fide* indebtedness amounts to $123,000, that *Scannell,* the

2

sheriff is insolvent and that the money cannot be recovered by suing upon his official bond,—that the money is the proceeds of the sale of all the visible property of the insolvents ; that it is not more than enough to satisfy said fraudulent claims, and that *bona fide* creditors attached the same property ; wherefore he prays for the injunction &c.

One of the creditors defendant, *J. McKenty,* demurs on the ground that the court has not jurisdiction in the premises.

*Cook & Fenner,* for plaintiff.

*Sidney V. Smith,* for defendant, J. McKenty.

The other defendants not in court.

HAGER, J.—On rule to show cause why an injunction should not issue. The plaintiff is the assignee in the proceedings in insolvency of defendants *Gladwin & Hugg,* pending in the district court of the Twelfth Judicial District. The other defendants (excepting *Scannell* the late sheriff,) have obtained judgments in the same court against defendants *Gladwin, Hugg & Co.,* and *Scannell* as sheriff has seized under attachments and executions in behalf of the judgment creditors and has in his possession certain moneys of the defendants, *Gladwin, Hugg & Co.* This action is instituted to restrain the sheriff from paying the money in his hands to the judgment creditors, and to compel its payment to the assignee in insolvency for the purpose of having it distributed under the insolvent law: plaintiff alleging that the attachments, judgments &c., are fraudulent and void, and praying it may be so decreed.

It appears that the insolvent proceedings and the judgments are all in the district court of the Twelfth Judicial District. The assignee is the officer of that court, and in my opinion that is the proper tribunal for the hearing and the trial of this action. Under the decisions of the supreme court I have serious doubts whether this court can entertain jurisdiction after the facts referred to have been made to appear.

It is true this action is in equity, whilst that in the Twelfth District Court is one at law, and under the practice as settled by the supreme court, there is a recognized distinction between actions at law and in equity. Equity should not restrain against equity, and when an action in

equity is pending in a district court the rights of all parties interested may and should then be determined ; but sometimes there may be good reason why a district court in an equity suit raising issues that cannot be determined at law,—should entertain jurisdiction and enjoin parties from proceeding at law ; as for instance where the district court in the suit at law cannot try the issues or give the relief asked in the equity suit ; or when two or more actions at law are pending in different district courts and the equity suit is instituted to settle and determine a controversy embracing the subject matter of those several actions.

In the latter case the question arises—in which district court should the equity jurisdiction be invoked, or must it be done in all ? Does it require a multiplicity of suits, or will one suffice ? The supreme court however makes no distinction whether the suit is at law or in equity, but hold generally that one district court cannot enjoin parties from proceeding in a prior suit in another district court.

The only remaining question to be determined is—can this court transfer the action to the Twelfth District Court so as to invest that court with jurisdiction ? I can find no precedent or authority for this, and the rule to show cause must be discharged and the action dismissed.